# CASES

## ARGUED AND DETERMINED

IN

# THE SUPREME COURT

OF

## THE STATE OF MISSOURI,

OCTOBER TERM, 1856, AT ST. LOUIS.

———— • • • ————

THE STATE, TO THE USE OF REYBURN *et al.*, Respondents, v. RUGGLES *et al.*, Appellants.

1. An administrator *de bonis non* is not liable for a failure to collect judgments recovered by a previous administrator, and which were assets belonging to the estate, where it does not appear that he had notice of their existence.
2. The Supreme Court will not draw inferences of fact from other facts stated in the finding of the court below.

*Appeal from Washington Circuit Court.*

This case has heretofore been in this court, and will be found reported 20 Mo. 99. The cause was tried upon the following agreed statement of facts, which also constituted the finding of the facts by the court: "That Joseph N. Reyburn, administrator with the will annexed of Joseph Reyburn, sold property

of deceased and took notes for same; that the judgments mentioned in the petition were recovered by said Joseph N. Reyburn in his lifetime on said notes, and at his death said judgments were not satisfied. E. S. Ruggles was appointed administrator *de bonis non* of said Joseph Reyburn, and his inventory of papers, delivered to him or coming to his hands, contains the receipts of P. Cole for the notes on which said judgments were founded. A receipt presented by defendants of Joseph N. Reyburn is admitted, and that Joseph N. Reyburn, while administrator, ordered out executions against the defendants, and they were returned on his order, and at the time they were so returned the defendants in the judgments were solvent. E. S. Ruggles was also the administrator of the estate of J. N. Reyburn, and made final settlement in March, 1853."

Upon these facts, the court stated the following conclusion of law : " That the judgments of Joseph N. Reyburn v. Jones and others, being obtained upon notes taken by said Joseph N. for property of the estate purchased at the sale, are not on that account the individual property of said Joseph N., but were in his hands as assets of said estate of Joseph Reyburn, deceased ; and having come or been brought to the knowledge of said Ruggles after he became administrator *de bonis non*, and he failing to collect or account for said judgment, is liable therefor." Judgment was accordingly rendered on the bond against the principal and sureties, from which judgment an appeal was taken to this court.

*Perryman*, for appellants.

*Frissell*, for respondents.

LEONARD, Judge, delivered the opinion of the court.

The agreed facts do not warrant the recovery, and therefore the judgment is reversed. The misconduct charged against Ruggles, administrator *de bonis non* of Joseph Reyburn, whose original administrator was Joseph N. Reyburn, is that the first administrator recovered certain judgments, which were

existing assets of the estate when the present administrator came into office, and might and would have been collected had he used proper diligence in respect to them, but that he permitted them to remain uncollected until they were lost to the estate, by reason of the insolvency or removal of the debtors. It is stated in the agreed case that the first administrator took out executions upon these judgments, which were returned by his order, and that the debtors were then solvent; but it is not stated that they were solvent when the present defendant came into office, or that he had notice of them as existing assets of the estate, unless we are to infer this from the fact that Cole's receipt for the notes, upon which the recoveries were had, was in the defendant's inventory of the estate.

This administrator was not bound to take notice of these judgments at his peril. He is not to be held liable as an insurer, but, like all other persons engaged in transacting business for others, must use good faith and exercise reasonable diligence ; and if he fail in either respect, he is justly responsible. If these recoveries were, as we presume them to have been, by the first administrator upon notes taken by him at his official sale, they must be considered, under our administration laws, as belonging to the estate ; and if the defendant had actual notice of them, as such, or, by the use of reasonable diligence in the discharge of his official duties, would have come to such knowledge, it was his duty to endeavor to collect them ; and if he failed to do so, he must answer for his conduct. But we can not pronounce against him upon the facts here stated. We do not sit here to draw inferences of fact, and therefore can not infer that he had notice of the judgments as part of the estate, or that the debts were lost by his omission to sue out execution. (Pearce v. Burns, 22 Mo. 581.)

No exception has been taken here in reference to the parties to this proceeding, and therefore we express no opinion as to the right of the heirs of a deceased legatee to maintain the suit, instead of the executor or administrator, or upon the pro-

priety of several distinct legatees, uniting as plaintiffs, in a suit of this character, upon an administrator's official bond. The judgment is reversed, and the cause remanded.